# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DeLmar William Patrick, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 21-04102 |
| A. Ciolli, | ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Pending before the Court is Petitioner DeLmar William Patrick, III's Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2241. For the reasons stated below, this Petition is transferred to the Middle District of Pennsylvania.

A § 2241 petition must be filed "in the district of confinement." *United States v. Prevatte*, 300 F.3d 792 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). Indeed, the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). At the time Petitioner filed the motion, he was in the custody of the Federal Bureau of Prisons and housed at the United States Penitentiary in Thomson, Illinois, which is located in the Northern District of Illinois. He has since been transferred to the United States Penitentiary Lewisburg in Lewisburg, Pennsylvania, which is located in the Middle District of Pennsylvania. Accordingly, this Court was not the proper venue to bring this case in the first place and still does not have jurisdiction over Petitioner's custodian since Petitioner is housed outside this Court's district.

This Court has the authority to transfer a § 2241 petition "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . ." *United States v. Prevatte*, 300 F.3d 792, 802 (7th Cir. 2002) (quoting 28 U.S.C. § 1631); *see also Gray-Bey*, 209 F.3d at 989 (invoking §1631 transfer authority for a habeas petition under § 2241). At the time Petitioner's case was filed, the Northern District of Illinois would have been the appropriate case to file his petition. However, he has since been transferred to Lewisburg, Pennsylvania. When "the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 447 (citing *Ex parte Endo*, 323 U.S. 283 (1944)). While the Court may have the power to transfer the case, the Seventh Circuit has indicated it is appropriate to consider "whether the case . . . is a sufficiently meritorious matter to warrant such a transfer 'in the interest of justice.'" *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002) (citing 28 U.S.C. § 1631).

This Petition has a number of defects, but the core issue is whether Petitioner's sentence is being calculated properly. Even though Petitioner asserts that he is questioning the Maryland Department of Correction's calculation of his sentence, he is housed in a Federal Penitentiary and brings his claim under § 2241, which governs petitions brought by persons in federal custody. Petitioner argues that various sentences should run concurrently instead of consecutively and while the Court will need additional information to evaluate the merits of Petitioner's claim, the Court cannot find this is a plainly frivolous matter. The issue is sufficiently meritorious to at least warrant a transfer to a venue that has the jurisdiction over

Petitioner's claims. Accordingly, this case, No. 21-04102, is hereby transferred to the United States District Court for the Middle District of Pennsylvania.

ENTERED this 16th day of August, 2021.

/s/ Michael M. Mihm<br>Michael M. Mihm<br>United States District Judge